**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARY POST,

        Plaintiff,

                                          Case No. 3:20-cv-527-J-34JRK

vs.

BIOMET, INC., et al.,

        Defendants.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortg. Co.</u>, 243 F.3d 1277, 1279-80 (11th Cir. 2001).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking").  "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." <u>Baltin v. Alaron Trading, Corp.</u>, 128 F.3d 1466, 1469 (11th Cir. 1997).

    Plaintiff initiated the instant action on May 27, 2020, by filing a five-count Complaint (Doc. 1).  In the Complaint, Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the parties are citizens of different States,

and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." See Complaint ¶ 14.  However, Plaintiff has failed to adequately allege the citizenship of Defendants Biomet Orthopedics, LLC, Biomet U.S. Reconstruction, LLC, and Biomet Manufacturing Corporation n/k/a Biomet Manufacturing, LLC (the LLC Defendants). As such, the Court is unable to determine whether it has diversity jurisdiction over this action.

Diversity jurisdiction requires complete diversity or that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412; see also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal"). The Eleventh Circuit has recognized that, for purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).  Thus, to properly determine the citizenship of a limited liability company, the Court must consider the citizenship of each of its members.  See id.

Here, Plaintiff alleges that Biomet Orthopedics, LLC is a "wholly owned subsidiary" of Biomet US Reconstruction, LLC, which in turn, is a "wholly owned subsidiary" of Biomet, Inc., an Indiana corporation with its principal place of business in Indiana.  See Complaint ¶¶ 5, 7.  Plaintiff asserts that Biomet Manufacturing LLC is "a wholly owned subsidiary" of Biomet, Inc. as well.  Id. ¶ 9.  However, as aptly stated  in Traffas v. Biomet, Inc. with regard to these very Defendants "the Complaint's allegations that various Biomet LLCs are wholly-owned subsidiaries do not permit the court to conclude that plaintiff and defendants are

diverse for purposes of subject matter jurisdiction," because it is membership, not ownership, that is critical for determining the citizenship of an LLC. See Traffas v. Biomet,Inc., No. 19-2115-DDC-JPO, 2020 WL 1467313, at *2 (D. Kan. Mar. 26, 2020) (collecting cases); see also AmGuard Ins. Co. v. Middleton, Civil Action No. 18-cv-0261, 2018 WL 3370568, at *1 (W.D. La. July 19, 2018) ("[I]t is membership that is critical for determining citizenship for diversity purposes, so allegations in this regard should be clear about what entities are actually members of others.   Terms such as wholly-owned subsidiary leave room for doubt."); Ferrara v. Munro, No. 3:16-CV-950(CSH), 2016 WL 6892073, at *3 (D. Conn. Nov. 22, 2016) ("Plaintiffs have alleged that [individual] is the 'owner, operator, and alter ego' of [defendant LLC].   If that means that [individual] is the sole member of that limited liability company, Plaintiffs must specify that fact."). The Court acknowledges that the terms "owner" and "member" have sometimes been used synonymously with respect to limited liability companies. See, e.g., Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").   Nonetheless, these terms are not always interchangeable.[1]  Indeed "[t]here are other ways, such as by using other entities, that [a

---

[1] For example, under Delaware law, "one can have an ownership interest in a limited liability company without being a member."   See Taylor v. Nationstar Mortg., LLC, No. 1:15-CV-4403-AT-LTW, 2016 WL 6662734, at *2 (N.D. Ga. July 29, 2016) rejected, in part, but adopted in pertinent part by 2016 WL 7131593, at *1 (N.D. Ga. Aug. 22, 2016); Del. Code Ann. tit. 6, § 18-704 (explaining the circumstances in which the assignee of a limited liability company interest can become a member); Del. Code Ann. tit. 6, § 18-702(b)(1) ("(b) Unless otherwise provided in a limited liability company agreement: (1) An assignment of a limited liability company interest does not entitle the assignee to become or to exercise any rights or powers of a member."); Del. Code. Ann. tit. 6, § 18-101(8) ("'Limited liability company interest' means a member's share of the profits and losses of a limited liability company and a member's right to receive distributions of the limited liability company's assets."); see also Busch v. Lee Enters., Inc., 2009 WL 5126799, at *1 (S.D. Ill. Dec. 21, 2009) (finding citizenship allegations pertaining to a Delaware limited liability company were insufficient where plaintiffs alleged that defendant LLC was "entirely owned" by a corporation, and the citizenship of that corporation, but failed to allege whether the corporation was the sole member of the LLC).

corporation] could wholly own and control [an] LLC without actually being a member of it."

See AmGuard Ins. Co., 2018 WL 3370568, at *1.  As such, the Court is unable to presume

that Plaintiff's allegations regarding the ownership of the LLC Defendants are intended to

establish their membership.  Therefore, the information presently before the Court is

insufficient to invoke the Court's subject matter jurisdiction over this action.[2]

In addition, the Court finds that the Complaint constitutes an impermissible "shotgun

pleading."  A shotgun complaint contains "multiple counts where each count adopts the

allegations of all preceding counts, causing each successive count to carry all that came

before and the last count to be a combination of the entire complaint."  See Weiland v.

Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting

cases).  As a result, "most of the counts . . . contain irrelevant factual allegations and legal

conclusions."  Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d

1293, 1295 (11th Cir. 2002).  Consequently, in ruling on the sufficiency of a claim, the Court

is faced with the onerous task of sifting out irrelevancies in order to decide for itself which

facts are relevant to a particular cause of action asserted.  See id.  Here, Counts II-V of the

---

[2] Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Complaint incorporate by reference all allegations of all the preceding counts.  <u>See</u> Complaint at 12-14.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." <u>Cramer v. State of Fla.</u>, 117 F.3d 1258, 1263 (11th Cir. 1997); <u>see also</u> <u>Cook v. Randolph County</u>, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight."  <u>See</u> <u>Weiland</u>, 792 F.3d at 1321 & n.9 (collecting cases).  As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."  <u>Cramer</u>, 117 F.3d at 1263.  When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see</u> <u>also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give Plaintiff an opportunity to file a corrected complaint which properly establishes diversity of citizenship between the parties such that this Court has jurisdiction over this action, and corrects the shotgun nature of the Complaint.  Accordingly, it is

**ORDERED**:

1.      The Complaint (Doc. 1) is **STRICKEN**.

2.      Plaintiff shall file a corrected complaint[3] curing the shotgun nature of the Complaint and the jurisdictional deficiencies on or before **June 12, 2020**. Failure to do so may result in a dismissal of this action.

3.      Defendants shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on May 28, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties

---

[3] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).